IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00359-BNB

JAMAAL WATKINS,

Applicant,

v.

DIVISION OF ADULT PAROLE/C.D.O.C.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 17 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Jamaal Watkins, is a prisoner currently on parole under the custody of the Colorado Department of Corrections (DOC) Division of Adult Parole. He initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis*.

The Court must construe Mr. Watkins' filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Watkins attacks the execution of his sentence with regard to a judgment of conviction imposed by the District Court for the City and County of Denver in Case No. 04CR4039. According to Respondent's undisputed statement of facts, Mr. Watkins pled guilty to forgery charges in November 2004 and on November 29, 2004, and a two-year deferred judgment and sentence was entered by the Denver district court.

Prelim. Resp. at 1. The prosecution filed a complaint for revocation of the deferred judgment on November 16, 2006, and on March 20, 2007 Mr. Watkins received a two year probation sentence. *Id.* at 2.

Meanwhile, Mr. Watkins was charged with robbery in a separate case in the Arapahoe County District Court. On March 28, 2007, he was convicted and sentenced to eighteen months in community corrections, to be served concurrently with his probation sentence in the Denver case. *Id.* Approximately five months later, community corrections rejected Mr. Watkins, and on September 6, 2007, he was re-sentenced to eighteen months in the custody of the DOC on the Arapahoe conviction. *Id.*

On September 11, 2007, the probation department filed a complaint to revoke Mr. Watkins' probation in the Denver case. *Id.* On October 10, 2007, his probation was revoked, and he was re-sentenced to eighteen months in DOC, to be served concurrently with the Arapahoe sentence. *Id.* At that time, Mr. Watkins was awarded sixty days of pre-sentence confinement credit. *Id.*

On June 26, 2008, Mr. Watkins filed a motion in the Denver district court seeking additional pre-sentence confinement credit. *Id.* at Ex A, p. 9. The Denver district court denied the motion on September 4, 2008. *Id.* at 9-10. Mr. Watkins filed a notice of appeal to the Colorado Court of Appeals (CCA), and on July 2, 2009, the CCA affirmed the trial court. *People v. Watkins*, No. 08CA2000 (Colo. App. July 2, 2009) (unpublished opinion). The Colorado Supreme Court denied certiorari review on January 19, 2010. Prelim. Resp. at Ex. A, p. 10.

On September 15, 2008, Mr. Watkins filed a Motion for Writ of Habeas Corpus in the Fremont County District Court. *Id.* at Ex. C. The motion claimed that he had been granted parole on January 23, 2008 and that he was entitled to release. The Fremont district court dismissed the case as moot on February 24, 2008, on the grounds that Mr. Watkins was released on parole before the court could take any action. *Id.* at 3. Mr. Watkins did not file an appeal. *Id.*

On December 2, 2009, Mr. Watkins filed a motion for writ of mandamus in the Denver district court, requesting credit for parole time starting from January 29, 2008. *Id.* at Ex. A, p. 10. The Denver district court denied the motion on December 4, 2009, finding that it did not have jurisdiction to grant Mr. Watkins' request. *Id.* Mr. Watkins did not file an appeal.

Mr. Watkins then filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on February 12, 2010. On February 25, 2010, Magistrate Judge Boyd N. Boland reviewed the Application and found that it was deficient. Specifically, Magistrate Judge Boland found that the claims raised by Mr. Watkins must be asserted pursuant to 28 U.S.C. § 2241 because the claims called into question the execution, and not the validity, of Mr. Watkins' sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Magistrate Judge Boland ordered Mr. Watkins to file an amended pleading asserting his claims pursuant to 28 U.S.C. § 2241.

Mr. Watkins filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on February 26, 2010. On March 3, 2010, Magistrate Judge

Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On March 23, 2010, Respondent filed a preliminary response. Mr. Watkins has not filed a Reply.[1]

Mr. Watkins asserts two claims in the Amended Application. First, he claims that he is entitled to 195 days of pre-sentence confinement credit, because his Denver case and his Arapahoe case were ordered to be served concurrently. Application at 3. Second, he claims that he is entitled to 267 days credited against his parole because he was granted parole on January 20, 2008, but was not released until October 14, 2008. *Id.*

Respondent argues that Mr. Watkins' second claim is time barred pursuant to 28 U.S.C. § 2244(d)(1). Prelim. Resp. at 5. Respondent further contends that both of Mr. Watkins' claims are unexhausted and procedurally defaulted because he failed to present these claims to the state courts as federal constitutional claims. *Id.* at 8-12. Because the Court can dismiss claims one and two as procedurally defaulted, the Court declines to address Respondent's argument that claim two is also time barred.

---

[1] On April 13, 2010, Mr. Watkins filed a Motion for Extension of Time requesting additional time to file his Reply to the Preliminary Response. The Court granted the Motion by Minute Order dated April 16, 2010. Instead of filing a Reply, Mr. Watkins then filed a Second Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on May 3, 2010. In the Second Amended Application, Mr. Watkins reasserts his first claim in a nearly identical manner to which he asserts it in the Amended Application. However, Mr. Watkins does not include his second claim. It is not clear whether Mr. Watkins wishes to dismiss his second claim, or whether he inadvertently failed to include the claim. Nonetheless, out of fairness to Mr. Watkins, the Court will address both claims.

Mr. Watkins is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

With regard to claim one, in which Mr. Watkins asserts that he is entitled to 195 days of pre-confinement credit, Respondent argues that Mr. Watkins failed to raise the claim as a federal constitutional one in his June 26, 2008, motion to the Denver district court, and subsequent appeal to the CCA. Prelim. Resp. at 11. Having reviewed the state court briefs attached to the Amended Application and the Preliminary Response, the Court agrees that Mr. Watkins did not raise his first claim as a federal constitutional claim. Mr. Watkins did not cite to any specific provision of the federal Constitution, he relied only on Colorado state law, and he did not label the claim as a "federal" claim. *See* Prelim. Resp. at Ex. E, p. 4-6. Mr. Watkins failed to set forth any argument which would have alerted the state appellate court to particularized claims of violations of his federal constitution rights. Accordingly, Mr. Watkins did not exhaust his state court remedies with respect to his first claim.

With regard to claim two, in which Mr. Watkins asserts that he is entitled to 267 days of parole credit, Respondent also asserts that this claim is unexhausted because Mr. Watkins failed to raise it as a federal constitutional claim. *Id.* at 11-12. Respondent asserts that Mr. Watkins raised the claim only as an issue of state law in his state habeas case, filed in the Fremont district court. *Id.* at 12. Having reviewed the state

habeas motion, the Court again agrees that Mr. Watkins did not raise his second claim as a federal constitutional claim because he relied only on state law, did not cite to any specific provision of the Constitution, and did not label the claim as a "federal" claim. *See* Prelim. Resp. at Ex. B. In addition, Mr. Watkins failed to file an appeal to the CSC. *See Rodriguez v. Sandoval*, 680 P.2d 1278, 1279 n.1 (Colo. 1984) (noting that the Colorado Supreme Court "has direct appellate review of habeas corpus proceedings."). An appeal to the CSC would have been due on April 9, 2008, forty-five days after the Fremont district court denied his motion for a writ of habeas corpus. Prelim. Resp. at 13. Accordingly, Mr. Watkins' time to appeal the district court's denial of his habeas corpus motion to the CSC has long expired. Mr. Watkins has failed to invoke one complete round of Colorado's established appellate review process with regard to his state habeas corpus action and, therefore, failed to exhaust his second claim during the course of his state habeas action. *See O'Sullivan*, 526 U.S. at 845.

Respondent did not provide a copy of the motion for writ of mandamus Mr. Watkins filed on December 2, 2009 in the Denver district court. Nonetheless, Respondent points out that, even if Mr. Watkins raised his second claim as a federal constitutional claim in his state mandamus action, the claim was not fairly presented to the state court. Prelim. Resp. At 12. That is, the Denver district court denied the motion on December 4, 2009 on the grounds that it lacked jurisdiction to consider the claim. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose,

constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). Because Mr. Watkins failed to present his second claim in the state mandamus action in a procedural context in which its merits could have been considered, Mr. Watkins failed to exhaust his second claim during the course of his mandamus action. *See Castille*, 489 U.S. at 351. Accordingly, having considered both state court actions in which Mr. Watkins attempted to present his second claim, the Court finds that this claim is unexhausted.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental

8

miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Watkins' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts [ ] an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondent argues that Mr. Watkins no longer has an adequate and effective state remedy available to him because any attempt to re-raise the claims in the trial court would fail as successive or time barred. Prelim. Resp. at 14 (citing Colo. Rev. Stat. § 16-5-402; Colo. R. Crim. P. 35(VII)). The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly established and regularly followed procedural rule. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction. As for a successive postconviction motion, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.

*See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to the claims that Mr. Watkins has failed to exhaust. *Id.* Mr. Watkins, therefore, has procedurally defaulted claims one and two in state court. He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. Claims one and two are procedurally barred from federal habeas review. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed with prejudice because claims one and two are procedurally barred. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  17th   day of   May  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

*See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to the claims that Mr. Watkins has failed to exhaust. *Id.* Mr. Watkins, therefore, has procedurally defaulted claims one and two in state court. He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. Claims one and two are procedurally barred from federal habeas review. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed with prejudice because claims one and two are procedurally barred. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  17th   day of   May  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00359-BNB

Jamaal Watkins
Prisoner No. 138065
2323 Curtis St.
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/17/10

                                        GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                 Deputy Clerk